# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SEAN LAMONT CAMERON,

       Plaintiff,            :         Case No. 3:09-cv-188

                                     District Judge Thomas M. Rose
   -vs-                            Magistrate Judge Michael R. Merz

                               :

CITY OF SPRINGFIELD, OHIO, et al.,

       Defendants.

## ORDER STRIKING AMENDED LAY WITNESS LISTS

This case is before the Court *sua sponte* upon the filing by Plaintiff of a First Amended Lay Witness List (Doc. No. 17) on January 6, 2010, and a Second Amended Lay Witness List (Doc. No. 18) on January 21, 2010.

These documents are stricken as untimely filed. Judge Rose entered a Preliminary Pretrial Conference Order (Doc. No. 11)in this case on September 29, 2009, setting a lay witness disclosure deadline of November 6, 2009. This was the date jointly requested by the parties in their Rule 26(f) Report (Doc. No. 10 at ¶ 6d). When Plaintiff filed his original Lay Witness List on November 6, 2009, he purported to "reserve the right" to amend the list as discovery proceeds, but no such procedural right exists. This Court's General Order No. 1 provides with respect to the witness lists:

> The purpose of this filing of witness lists is to permit timely completion of discovery. Supplementation of the lists after timely filing shall be only upon motion and for good cause shown, i.e., that the identity of the witness and/or the need for the witness's testimony could not have been previously determined upon the exercise of due diligence by counsel. These lists are not meant to be preliminary witness lists. Rather, they are to be final lists, insofar as discovery has revealed the necessity of testimony by these witnesses. Such a supplementation may well result in a brief extension of the discovery

> cut-off date for the other side to conduct discovery of any newly
> added witness. Counsel are advised to conduct their discovery early
> and in timely fashion in order to make the witness lists served upon
> opposing counsel as exact and as final as possible, because this Court
> will grant leave to supplement the witness list only upon a showing
> of good cause.

*Id.* at 6. As can be seen from the General Order, the Amended Lists could not properly have been filed late without court permission, which was neither sought nor obtained. Nor do the Lists show compliance with S. D. Ohio Civ. R. 7.3 which would have been required before seeking court permission.

The Magistrate Judge also notes that none of the three Lay Witness Lists filed by Plaintiff comply with that provision of General Order No. 1 which requires a brief synopsis of the testimony expected to be given by the witness.

January 22, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge
